UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMARO FOOD ENTERPRISES, INC.,
                                          Plaintiff,

-v-

LIBERTY MUTUAL INSURANCE,
                                            Defendant.

24-CV-7784 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

      Plaintiff Amaro Food Enterprises, Inc. ("Amaro"), "a New Jersey corporation engaged in the meat and vegetable wholesaling business," brings this breach of contract action against Defendant Liberty Mutual Insurance Company ("Liberty Mutual"). (ECF No. 1-1 ("Compl.") ¶¶ 1, 8.) Amaro challenges Liberty Mutual's refusal to reimburse a loss of over $300,000 that Amaro incurred while covered by a marine cargo policy it had purchased from Liberty Mutual. (*Id.* ¶¶ 3, 6, 8.)

      Before the Court is Liberty Mutual's motion to dismiss the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). However, because Liberty Mutual had already answered Amaro's complaint (*see* ECF No. 5 ("Answer")) by the time Liberty Mutual filed the present motion (*see* ECF No. 7), the motion must be construed as a motion for judgment on the pleadings arising under Federal Rule of Civil Procedure 12(c). *See Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). For the reasons that follow, that motion is granted.

1

**I.      Background**

The relevant facts are brief, and they are drawn from the allegations in Amaro's complaint, which are presumed true for the purpose of resolving this motion. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

Amaro owned a storage warehouse in North Bergen, New Jersey, where, "[o]n or about July 13, 2022, the electricity . . . was impacted by a power surge of unknown origin, which caused damage to a section of the freezer space where food was being stored at that time." (Compl. ¶¶ 2, 4.) Though Amaro "made prompt efforts to repair the damage," including by trying to "relocate the food," the company was "unable to prevent the spoilage of a large quantity of food." (*Id.* ¶ 5.)

Amaro alleges, and Liberty Mutual does not deny, that at the time of the food spoilage, Amaro "had a marine cargo policy with Liberty Mutual." (*Id.* ¶ 3; Answer ¶ 3.) That policy contained a clause stating:

> **SUIT AGAINST THE COMPANY**[:] It is a condition of the policy that no suit, action or proceeding on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless The Insured shall have fully complied with all the terms and conditions of this policy and unless commenced within twelve (12) months next after the calendar date of the inception of physical loss or damage out of which the said claim arose, provided that where such limitation of time is held unenforceable by the court wherein such action has been commenced, then no such

suit or action shall be sustainable unless commenced within the shortest limitation of time enforceable in such court.[1]

(ECF No. 5-1 ("Policy") at 20.)

Amaro "reported the incident to Liberty Mutual" and filed a claim for the over $300,000 of loss it incurred because of the spoilage. (Compl. ¶ 6.) However, Liberty Mutual denied the claim in a letter dated March 29, 2023. (*Id.* ¶ 8.) Two months later, on May 30, 2023, Amaro filed suit in the Hudson County Law Division of the Superior Court of New Jersey, challenging Liberty Mutual's denial of coverage. (ECF No. 23 ("Opp.") at 2).[2] On November 3, 2023, the state court judge granted Liberty Mutual's motion to dismiss for lack of subject matter jurisdiction,[3] and on December 22, 2023, the judge denied Amaro's motion for reconsideration.[4]

---

[1] Though Amaro does not include any of the contract's language in its complaint, because Amaro's claim hinges upon the terms of the contract, the Court may properly consider the contract language incorporated by reference. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the defendant may produce the [document] when attacking the complaint for its failure to state a claim . . . ."); *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001) (extending *Cortec* to contracts).

Both Liberty Mutual in its motion to dismiss and Amaro in its opposition appear to misquote the language of the policy as referring to "calendar year" instead of "calendar date," as the policy states. (*Compare* Mem. at 3 *and* Opp. at 3 *with* Policy at 20.) However, because Amaro does not contend that the policy Liberty Mutual attached to its answer is not its policy or argue that the coverage should run from "twelve (12) months next after the calendar year" of the food spoilage event (whatever that would mean), the Court assumes that the word "year" is a mere scrivener's error by both sides and instead relies on the language of the attached policy.

[2] *See also* Complaint at 2, *Amaro Food Enters., Inc. v. Liberty Mut. Ins.*, No. L-1890-23 (N.J. Super Ct. Law Div. May 30, 2023) ("*Amaro I*") (No. LCV20231668656). The Court may take judicial notice of "documents filed in other courts . . . to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

[3] Order Dismissing Complaint at 1, *Amaro I*, No. L-1890-23 (No. LCV20233363317).

[4] Order Denying Reconsideration at 1, *Amaro I*, No. L-1890-23 (No. LCV20233711205).

3

On July 21, 2024, Amaro filed the same claim in the Supreme Court of New York, New York County. (*See* Compl. at 1.) Liberty Mutual removed the case to federal court on October 14, 2024 (ECF No. 1), filed an answer on October 16, 2024 (Answer), and moved to dismiss Amaro's complaint on November 6, 2024 (ECF No. 7). Amaro opposed the motion on January 21, 2025 (Opp.), and Liberty Mutual replied in further support of its motion on February 13, 2025 (ECF No. 29).

## II.     Legal Standard

The Court construes Liberty Mutual's motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which "is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel*, 259 F.3d at 126. To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must include enough facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true but need not accept as true "mere conclusory statements" reciting the elements of a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Twombly*, 550 U.S. at 555. The Court must also accept the plaintiff's factual allegations as true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

## III.    Discussion

Liberty Mutual's sole argument against Amaro's breach of contract claim proceeding past the pleading stage is that the suit is time barred by the clear meaning of Amaro's insurance policy. (ECF No. 8 ("Mem.") at 4-5.) Amaro does not challenge the enforceability of the time-limit provision; it instead contends that its initial filing in New Jersey state court satisfies the clear meaning of the provision, or, alternatively, that the provision is ambiguous and thus should

be construed against the insurer. (Opp. at 3-4.) In short, both sides agree that the present case hinges upon the interpretation of the following passage of Amaro's policy with Liberty Mutual:

> [N]o suit, action or proceeding on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless . . . commenced within twelve (12) months next after the calendar date of the inception of physical loss or damage out of which the said claim arose . . . .

(Policy at 20.)

"At the motion to dismiss stage, a district court may dismiss a breach of contract claim only if the terms of the contract are unambiguous." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns. Corp.*, 830 F.3d 152, 156 (2d Cir. 2016). A contract is ambiguous where a term "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London, Eng.*, 136 F.3d 82, 86 (2d Cir. 1998) (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir. 1997)) (internal quotation marks omitted).

Here, the terms of the provision are unambiguous, and Amaro's current claim is clearly time barred. Because the present lawsuit was filed on July 21, 2024 (Compl. at 4), and not "commenced within twelve (12) months next after the calendar date of the inception of physical loss or damage out of which the said claim arose," that is, within a year of the food spoilage incident "on or about July 13, 2022" (Opp. at 2),[5] the suit may not be sustained. (Policy at 20.) Amaro argues that "the filing of the *New Jersey* lawsuit satisfied the policy requirement on its

---

[5] Amaro does not contest that the "loss" event described in the provision was the food spoilage on July 13, 2022. (*See* Opp. at 2.) Nor could it. "The phrase 'after the inception of the loss' is regarded, in essence, as a term of art which fixes the limitations period to the date of the accident." *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 91 (2d Cir. 2010).

face" (Opp. at 2 (emphasis in original))), but the plain meaning of the phrase "suit, action or proceeding" is the present suit, action, or proceeding, not a previous one. None of these words, even interpreted in their broadest sense, can encompass prior litigation in a different court system and state.

Further, if the Court applied Amaro's interpretation of the contract, it would mean that because Amaro initially filed suit in the wrong court within the one-year time limitation, it could then wait for as long as it pleased after that action was terminated before bringing a subsequent suit in the correct forum (or at least until the six-year statute of limitations under New York law applied, *see Bainbridge Fund Ltd. v. Republic of Argentina*, 37 F.4th 847, 850 (2d Cir. 2022) (citing N.Y.C.P.L.R. § 213(2))). A provision explicitly limiting the insurer's liability to a significantly shorter time frame than the standard state-law limitation cannot reasonably be interpreted as allowing for such an outcome.

Though Amaro does not raise any defenses to the time-barring of its claim, it has pleaded "facts that appear to be addressed to equitable estoppel of the suit-limitations defense." *Endemann v. Liberty Ins. Corp.*, No. 18-CV-701, 2020 WL 5027241, at *3 (N.D.N.Y. Aug. 25, 2020). Amaro notes that "under [Liberty Mutual's] formulation, the one-year period had expired before the New Jersey case was even dismissed; hence, the fact that the Superior Court agreed with [Liberty Mutual] on the jurisdiction issue would have the effect of forever barring any claim for the plaintiff's loss." (Opp. at 3.) Yet even assuming that the Court may toll the one-year limitations period during the pendency of the New Jersey state action (which occurred from May 30, 2023 to December 22, 2023, *see* Docket, *Amaro I*, No. L-1890-23),[6] that still leaves 321 days

---

[6] This is the most generous reading of the length of the New Jersey lawsuit. The state court judge dismissed Amaro's case on November 3, 2023, Order Dismissing Complaint, *supra*

between when the food spoiled and when the New Jersey suit was commenced and 212 days between when the New Jersey suit was terminated and when this suit was filed in New York state court. That totals 533 days, which still puts Amaro over the contract's one-year limitations period.[7]

Thus, even with the most generous reading of Amaro's argument and the state-court litigation timeline, an equitable estoppel defense cannot save Amaro's claim. Judgment on the pleadings for Liberty Mutual is therefore warranted.

### IV. Conclusion

For the foregoing reasons, Defendant's motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to terminate the motion at Docket Number 7, to enter judgment for Defendant, and to close this case.

SO ORDERED.

Dated: March 25, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

note 3, and then denied Amaro's motion for reconsideration on December 22, 2023, Order Denying Reconsideration, *supra* note 4.

[7] As noted above, *supra* note 5, New York courts and the Second Circuit have held that "[t]he phrase 'after the inception of the loss' is regarded . . . as a term of art which fixes the limitations period to the date of the accident," *Fabozzi*, 601 F.3d at 91; *see also Proc v. Home Ins. Co.*, 17 N.Y.2d 239, 244 (1966) (holding that an "unmistakable indication" of the language "after the inception of the loss" was that the period of limitations began to run "from the occurrence of the destructive event" (quotation marks omitted)), so the Court may not toll the period between the food spoilage and Liberty Mutual's official denial of coverage.

7